IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| KENNETH JOHNSON and ROSLYN JOHNSON | § § § § | |
| *Plaintiffs*, | § § | Civil Action No. 4:20-CV-00274 |
| vs. | § § | |
| LAKEVIEW LOAN SERVICING, LLC, FLAGSTAR BANK, INC., and LOANCARE, LLC | § § § § § | |
| *Defendants*.. | § | |

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants Lakeview Loan Servicing, LLC, and Flagstar Bank, F.S.B., incorrectly named as Flagstar Bank, Inc., (collectively, "Defendants") hereby give notice of the removal of the state court civil action described below. As grounds for the removal, Defendant respectfully states the following:

**I. INTRODUCTION**

1. On or about March 2, 2020, Plaintiffs Kenneth Johnson and Roslyn Johnson ("Plaintiffs") filed their Original Verified Petition, Application for Temporary Restraining Order and Temporary Injunction, thereby instituting a suit numbered and styled as Cause No. 429-01198-2020, *Kenneth Johnson and Roslyn Johnson v. Lakeview Loan Servicing, LLC, Flagstar Bank, Inc., and Loancare, LLC,* in the 429th Judicial District Court of Collin County, Texas (the "Petition"). On March 5, 2020 the 429th Judicial District Court entered a Temporary Restraining Order in that matter.

2. In the Petition, Plaintiffs bring suit against Defendants asserting issues with the foreclosure of a mortgage loan obtained by Plaintiffs for the purchase of real property located at

7512 Comal River Trace, McKinney, Texas 75071 (the "Property"). Plaintiffs bring causes of action for breach of contract, violation of the Real Estate Settlement Procedures Act, and violation of the Texas Debt Collection Act. Additionally, Plaintiffs seek injunctive relief preventing the foreclosure of the Property.

3.  In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, orders, and other papers filed in the state court action and obtained by Defendant are attached hereto and marked as composite **Exhibit A** and incorporated herein by reference.

## II.  TIMELINESS OF NOTICE OF REMOVAL

4.  Less than thirty days have passed since Plaintiffs served Defendants with the Petition. Therefore, Defendant's Notice of Removal falls within the 30-day period required by statute and is timely. [1]

## III.  BASIS FOR REMOVAL: DIVERSITY JURISDICTION

5.  This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because this action is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.  Complete diversity exists.**

6.  Complete diversity exists because Plaintiffs and each defendant are citizens of different states.

7.  Plaintiffs are residents of Collin County, Texas and is considered a citizen of Texas.[2]

---

[1] 28 U.S.C. § 1446(b). *See also Thompson v. Deutsche Bank Nat'l Tr. Co.*, 775 F.3d 298, 303 (5th Cir. 2014) citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 119 S.Ct. 1322, 143 L.Ed. 448 (1999) (the federal removal and jurisdiction statutes "clearly provide that a defendant's right to removal runs from the date on which it is formally served with process.").

[2] *See* Petition, ¶2.

8.      Lakeview Loan Servicing, LLC is a limited liability company. The citizenship of a limited liability company is determined by its members.[3] Lakeview's sole member is Bayview MSR Opportunity Corp., which is a Delaware Corporation with its principal place of business in Florida. Thus, Lakeview is a citizen of Delaware and Florida.

9.      Flagstar is a non-Texas corporation domiciled in Michigan with its principal place of business in Michigan. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business." Accordingly, Flagstar is a citizen of Michigan.

10.     LoanCare, LLC is a limited liability company. LoanCare may be considered a citizen of Delaware, Florida, Wisconsin, Massachusetts, New Hampshire, and New York. It is not a citizen of Texas.

11.     LoanCare's sole member is ServiceLink NLS, LLC, a Delaware limited liability company. ServiceLink NLS, LLC's sole member is ServiceLink Holdings, LLC. ServiceLink Holdings, LLC's members are ServiceLink Holdings, Inc., and ten private investment funds. ServiceLink Holdings, Inc. is a Delaware corporation with its principal place of business in Florida. One of the investment funds, THL Equity VI Investors (BKFS) III, L.P. is a Delaware limited partnership, whose sole member is a Japanese bank with its principal place of business in Japan. Two investment funds are limited liability companies: THL Equity Fund VI Investors (BKFS-LM), LLC and THL Equity Fund VI Investors (BKFS-NB), LLC. THL Equity Fund VI Investors (BKFS-LM), LLC is held by six corporations. Two of the corporations are incorporated in Wisconsin, two are incorporated in Massachusetts, and two are incorporated in New Hampshire. All six of the corporations have their principal place of business in Massachusetts. The sole

---

[3] *Carden v. Arkoma Assocs*. 494 U.S. 185, 197 (1990).

member of the other limited liability company, THL Equity Fund VI Investors (BKFS-NB), LLC, is a Wyoming limited partnership with its principal place of business in New York. The Wyoming limited partnership is held by a governmental entity in the State of Wyoming and another Wyoming limited liability company, which, in turn, is controlled by a Delaware corporation with its principal place of business in New York. The remaining seven members of ServiceLink Holdings, LLC are Delaware corporations with their principal place of business in Massachusetts: THL Investors Black Knight II (A) Holding Corp.; THL Investors Black Knight II (B) Holding Corp.; THL Black Knight II (A) Holding Corp.; THL Black Knight II (B) Holding Corp.; THL Black Knight II (C) Holding Corp.; THL Black Knight II (D) Holding Corp.; and THL Black Knight II (E) Holding Corp.

12. Plaintiffs are citizens of Texas but no Defendant is a citizen of Texas. Therefore, complete diversity among the parties exists.

### B. The amount in controversy exceeds $75,000.00.

13. In the Petition, Plaintiffs seek injunctive relief to prevent a foreclosure sale of the subject Property.[4] When such relief is sought, the amount in controversy is measured by the value of the object of the litigation.[5]

14. When the object of the mortgagor's litigation is the protection of his or her entire property, the fair market value of the property is the proper measure of the amount in controversy.[6] In this instance, the value of the subject Property, 7512 Comal River Trace, McKinney, Texas 75071, amounts to at least $319,684.00.[7] Therefore, based on the value of the relief sought by Plaintiffs in the Petition the amount in controversy exceeds $75,000.00.

---

[4] *See* Petition, ¶31-33.
[5] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013).
[6] *Id.*
[7] *See* Collin County Appraisal District Summary attached as **Exhibit B**. It is appropriate for the court to take judicial notice of the Collin County Appraisal District because it is of public record and the information it provides is readily

### IV. BASIS FOR REMOVAL: FEDERAL QUESTION

15. In the Petition, Plaintiffs asserts a cause of action for purported violations of the Real Estate Settlement Procedures Act ("REPSA"). In asserting this claim, Plaintiffs reference alleged actions or omissions by Defendants in connection with the mortgage at issue and the putative foreclosure of same.[8] The actions of which Plaintiffs complain constitute alleged violations of federal law – REPSA.[9]

16. Plaintiffs make numerous allegations regarding Defendant's purportedly improper handling of their attempts to obtain a loan modification under RESPA, and those allegations make up a substantial part of the underlying basis for the lawsuit.[10]

17. Accordingly, this Court has jurisdiction over Plaintiffs' claims under federal question jurisdiction.[11]

18. This Court has supplemental jurisdiction over Plaintiffs' common law claims because they form part of the same case or controversy as the lending claims which can only exist under the federal law claims asserted.[12]

### V. VENUE

19. Venue for this Removal is proper in the United States District Court for the Eastern District of Texas, Sherman Division, because this district and division includes Collin County, Texas—the location of the pending state court action.[13]

---

ascertainable and the source—the Collin County Appraisal District—cannot reasonably be questioned. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

[8] *See* Petition, ¶37-42.
[9] *Coleman v. Bank of New York Mellon*, 969 F.Supp.2d 736, 753 (N.D. Tex. 2013) (a complaint asserting violation of § 2605 constitute a claim under federal law and can convey federal question jurisdiction).
[10] *See* Petition, ¶13-32.
[11] *Coleman*, 969 F.Supp.2d at 753.
[12] 28 U.S.C. § 1367(a).
[13] *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 124(c)(3) (stating that the Sherman Division of the Eastern District includes Collin County).

## VI.  ADDITIONAL REQUIREMENTS

20. Written Notice of Removal will be provided to Plaintiffs and filed with the District Clerk of Collin County, Texas.

21. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. See 28 U.S.C. § 1446(a).

22. It does not appear that Loancare, LLC has been served as of the date of the filing of this removal, therefore their consent is not required.

23. In the event that Plaintiffs seek to remand this case, or the Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

24. Plaintiffs did not demand a jury trial in the Petition.

25. WHEREFORE, having satisfied the requirements for removal, Defendants Lakeview Loan Servicing, LLC and Flagstar Bank, F.S.B give notice that Cause No. 429-01198-2020, originally filed in the 429th Judicial District Court of Collin County, Texas, has been removed to this Court.

Respectfully submitted,

By: */s/ Matt D. Manning*
**MATT D. MANNING**
State Bar No. 24070210
**MCGLINCHEY STAFFORD**
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone :  (713) 520-1900
Facsimile:   (713) 520-1025
mmanning@mcglinchey.com

*ATTORNEYS FOR DEFENDANTS LAKEVIEW LOAN SERVICING, LLC AND FLAGSTAR BANK, F.S.B.*

6

## CERTIFICATE AND NOTICE OF FILING

I certify that on April 2, 2020, this Notice of Removal was sent to the District Clerk of Collin County, Texas, and that written notice of filing of the Notice of Removal was served via email and/or via certified mail/return receipt requested upon the counsel for Plaintiffs.

                                                */s/ Matt D. Manning*
                                                **MATT D. MANNING**

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2020, a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing has been forwarded to all parties, by and through their attorneys of record by operation of the Court's electronic filing system or by other means in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

*Via E-mail and/or Via the Texas E-Filing Service System*
John G. Helstowski
Jason Taylor
13601 Preston Road, Suite E920
Collin, Texas 75240
jgh@jghfirm.com
jason@jghfirm.com
*Attorney for Plaintiffs*

                                                */s/ Matt D. Manning*
                                                **MATT D. MANNING**